Ruffin, C. J.
 

 Although as against third persons, who deny the title, both of the trustee and
 
 cestui que
 
 trust, the latter need not be a party, but it is generally sufficient, that the trustee alone should be before the Court, either as plaintiff or defendant, inasmuch as he represents the
 
 cestui que trust, yet
 
 when several persons are
 
 cestuis que trust,
 
 or have specified charges on a trust fund, under the deed, and a suit is brought to ask the execution of the trusts, and claim an account and distribution of the fund, it is ordinarily proper the plaintiff should bring in all persons, entitled equally, with or before himself, or should show that it is not necessary, because they had been satisfied, or that he could not, because they were not of the jurisdiction, or other like excuse. The reasons, arising out of the rule of the Court of Equity, to prevent the multiplicity of suits, and to secure persons bound to account, by requiring all persons in interest to be parties, in order definitively to bind them by the decree, apply as forcibly to this case as to any other.
 
 Jeremy’s Eq. Pl.
 
 176. It is not indeed necessary, for example, in this case, to embar ■ rass the suit by the number of parties or the increase of. expense, by making parties of those persons, who can claim under the provisions of the deed, only after the plaintiff shall have been satisfied, for they have no direct interest in the account which he seeks, or, at least, as against him, and those who are provided for with or before him. The trustee is charged with the duty of seeing, that no unjust recovery is effected by the plaintiff', as to the prior incumbrancer, and therefore such posterior incumbrancer is bound by a decree, fairly obtained against the trustee. The ease is precisely analagous to a bill by specific legatees, who need not make the residuary legatees parties, but may recover against the executor by
 
 *207
 
 himself, in which case, unless there be collusion, the residuary legatee is concluded. In this case, therefore, the second and third class of creditors, Tate, Mebanef Garland and the others, would be unnecessary parties, and, if the plaintiffbad brought them in, he would ha\ e been liable to them for costs. The causes of demurrer in respect to those persons, severally, are therefore insufficient. But as no reason is stated in the bill for not doing so, it was indispensable, that the plaintiff should have brought in all thosr, who are secured in the same class with himself, just as in a bill, by one residuary legatee or next of kin, he must make the others parties. The enquiry is, then, who are thus secured, and, next, whether all of them are made parties. Now, not only are the creditors, designated in the deed, entitled to satisfaction of their debts ; but also those liable for any of the debts, as suieties, endorsers or guarantors, are expressly provided for and therefore are proper parties ; as Gilmer, Mabry and others. It may well be questioned, whether any persons are made technically parties defendant, except the three who are mentioned in the bill by name That is the regular and proper method of making a defendant. Perhaps a bill might be sustained against persons named in a schedule annexed to the bill and referred to in it, as though they were mentioned by name in the bill; but we cannot undertake to say it would, and we are inclined to require pleaders to adhere to
 
 the usual form
 
 of mentioning.-in the body of the bill, each person by
 
 name,
 
 whom the plaintiff means to make a defendant. But, without deciding upon that point, we think this bill does not make the proper parties, because it does not refer to a schedule, purporting to set forth the names of the defendants, as such, but refers to an annexed exhibit of a deed and prays for process against the creditors therein mentioned. Now, supposing that such a general descrip-tion of defendants might, in any case, suffice, it will not
 
 *208
 
 do here, because other persons, namely, “the sureties, endorsers or guarantors” upon any of these debts, are as necessary parties, as the creditors themselves; and it is plain that they do not even come within the terms of description used, in the bill, of the creditors mentioned in the exhibit “B,” and that the master could not have issued a subpoena for them. Therefore, without deciding at present, the more general question, it is sufficient to say, that Gilmer and Mabry, for example, ought to be parties, and that they are not; and consequently that the want of them was good cause of demurrer. The plaintiff might, probably, have been allowed, in a Court of Equity, to amend, on paying the costs of the demurrer, as that is often done. But as he would not move it, but contested the sufficiency of the demurrer, and compelled the other side to bring the cause here, on appeal, this Court can say nothing less, than that the decree must be reversed with costs in this Court; and that the same be certified to the Court of Equity, with directions, accordingly, to sustain the demurrer and dismiss the bill as against McLean and Adams with costs.
 

 Per Curiam.
 

 Ordered accordingly.